IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CURTIS LANDRA BARNES**                                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 2:22-cv-140-KS-MTP**

**ERIC BANKS and**
**OFFICER UNKNOWN BROWN**                                      **DEFENDANTS**

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On October 14, 2022, Plaintiff filed his *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983 and Motion for Leave to Proceed *in forma pauperis* [2]. The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] but found that Plaintiff's Complaint required clarification. *See* Order [3]. Specifically, the Court directed Plaintiff to provide a short and plain statement of the claims asserted against Defendant Eric Banks, including the factual basis for the claims and the relief sought against him. The Court also directed Plaintiff to provide an address where the Defendants may be served with process.

The Court ordered Plaintiff to amend his Complaint to provide the additional information on or before November 8, 2022. *See* Order [3]. The Court warned Plaintiff that his failure to comply with the Court's order may result in the dismissal of this action without prejudice and without further notice. Plaintiff failed to amend his Complaint as ordered by the Court.

On November 28, 2022, the Court directed Plaintiff to show cause why this matter should not be dismissed for failing to comply with the Court's prior order. *See* Order to Show Cause [4].

1

Plaintiff was directed to amend his Complaint, clarify the claims he is asserting against Defendant Eric Banks, and to provide an address where the Defendants could be served. Plaintiff's response was due on or before December 12, 2022, but to date, Plaintiff has failed to amend his Complaint as ordered or provide an address where the Defendants can be served.

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed to prosecute this action, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 3rd day of January, 2023.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE
